# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:10-cr-00436-LJO |
| Plaintiff/Respondent, | **ORDER ON PETITIONER'S 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** (Doc. 17) |
| vs. | |
| JULIAN MEJIA-AVILES, | |
| Defendant/Petitioner. | |

## INTRODUCTION

Petitioner Julian Mejia-Aviles ("petitioner") is a federal prisoner and proceeds pro se to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("section 2255"). He asserts an ineffective assistance of counsel claim, a challenge to his sentence, and an Equal Protection claim. Having considered petitioner's arguments, this Court DENIES petitioner habeas relief.

## BACKGROUND

### Indictment and Plea Agreement

On October 28, 2010, an indictment was filed charging petitioner with being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2). (Docket #7).

On February 24, 2011, petitioner entered into a plea agreement with the government. (Docket #13). In the agreement, petitioner promised to plead guilty to the indictment. (Docket #13, p. 2). He

also "knowingly and voluntarily agree[d] to waive all Constitutional and statutory rights . . . to attack collaterally his mental competence, and his plea, or his sentence, including but not limited to, filing a motion under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or 18 U.S.C. § 3742, or otherwise." (Docket #13, p. 3). Petitioner further acknowledged that his guilty plea was freely and voluntarily made and was not the result of force, threats, or promises, except for the promises set forth in the plea agreement. (Docket #13, p. 9). Petitioner also acknowledged and agreed that no representations or promises were made with regard to the sentence the Court would impose. (Docket #13, p. 9). The government agreed to recommend a 37-month sentence. (Docket #13, p. 6).

### Plea and Sentencing Hearing

On February 25, 2011, a hearing was held in which petitioner pled guilty to being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2), and was sentenced. (Docket #18). Petitioner acknowledged reviewing the plea agreement with his lawyer and an interpreter and confirmed that he did not have any questions about the agreement. (Docket #18, p. 4). Petitioner also confirmed that he understood that he was waiving his right to appeal. (Docket #18, p. 5). Petitioner further acknowledged that his guilty plea was not the result of force or threats nor was he promised anything other than what was in the plea agreement. (Docket #18, p. 10). The government recommended a 4-level early disposition departure, pursuant to U.S.S.G. § 5K3.1, and a 37-month sentence. (Docket #18, p. 14). This Court sentenced petitioner to 37-months imprisonment. (Docket #18, p. 15). At the conclusion of the hearing, this Court again acknowledged that petitioner waived his right to appeal. (Docket #18, p. 16).

### Section 2255 Motion

On December 6, 2011, this Court received petitioner's pro se section 2255 motion. (Docket #17). Petitioner alleges the following grounds for relief. (Docket #17). First, he contends that he received ineffective assistance of counsel during the negotiation of his plea agreement. (Docket #17, p. 4). Next, he asserts that his ineligibility for "release custody" and "minimum security confinement" as a result of his status as a removable alien constituted a mitigating factor that should have been taken into account at sentencing. (Docket #17, p. 5). Finally, petitioner maintains that his inability to take part in various rehabilitative programs due to his status as a removable alien violates his right to Equal Protection under

the Fourteenth Amendment.[1] (Docket #17, p. 8-9).

Having considered petitioner's arguments and the relevant law, this Court issues this order.

## DISCUSSION

**I. Ineffective Assistance of Counsel**

In ground one of petitioner's motion, he argues that he received ineffective assistance of counsel during the negotiation of his plea agreement. (Docket #17, p. 4). He contends that counsel failed to meet with him and failed to negotiate a "good and reasonable" deal. (Docket #17, p. 4). He requests a reduction in the length of his sentence based on counsel's deficient performance.[2] (Docket #17, p. 4).

To demonstrate ineffective assistance of counsel, a petitioner must establish deficient performance and prejudice. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). In order to establish deficient performance, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. This requires petitioner to "show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 687-88. There is a strong presumption that counsel's performance fell within the "wide range of professional assistance." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466 U.S. at 689).

The second factor petitioner must establish is prejudice. *Strickland*, 466 U.S. at 693. Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Prejudice analysis must not only focus on outcome determination but also on the question of whether or not "the result of

---

[1] This Court combined petitioner's arguments in grounds three and four of his section 2255 motion.

[2] Although petitioner's plea agreement contains a collateral attack waiver, a collateral attack waiver cannot bar ineffective assistance of counsel claims associated with the negotiation of a plea agreement. *See Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) ("a plea agreement that waives the right to file a federal habeas petition pursuant to 28 U.S.C. § 2254 is unenforceable with respect to an [ineffective assistance of counsel] claim that challenges the voluntariness of the waiver."). *See also United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) (doubting whether "a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain"). Accordingly, this Court addresses petitioner's ineffective assistance of counsel claim.

the proceeding was fundamentally unfair or unreliable." *United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir. 1994) (*quoting Lockhart v. Fretwell*, 506 U.S. 364, 368 (1993)). In the guilty-plea context, the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In other words, petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. "A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the [petitioner] as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

Petitioner contends that he received ineffective assistance of counsel during the negotiation of his plea agreement because counsel failed to meet with him. (Docket #17, p. 4). Petitioner has failed to show that "counsel's representation fell below an objective standard of reasonableness," *Strickland*, 466 U.S. at 687-88, because the record indicates that the two met and discussed petitioner's case. The signed plea agreement provides that counsel fully explained the charges to petitioner and the possible defenses. (Docket #13, p. 1-2). The plea agreement also provides that counsel explained each of the rights petitioner waived as a result of entering into the plea agreement. (Docket #13, p. 9). In addition, at the plea/sentencing hearing petitioner confirmed that he reviewed the entire plea agreement with his lawyer and an interpreter. (Docket #18, p. 4). To the extent petitioner attacks the frequency of the meetings, this Court cannot say counsel's performance fell below an objective standard of reasonableness given the fact that counsel met with petitioner to discuss his case coupled with the strong presumption that counsel's performance fell within the "wide range of professional assistance." *Kimmelman*, 477 U.S. at 381.

Petitioner also contends that he received ineffective assistance of counsel because counsel failed to negotiate a "good and reasonable" deal. (Docket #17, p. 5). Even if counsel could have negotiated a better deal, petitioner is unable to show prejudice. In order to establish prejudice, defendant would have to show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. It is illogical to conclude that petitioner would not have pleaded guilty and would have insisted on going to trial if counsel would have negotiated a lower sentence. Accordingly, petitioner has failed to demonstrate that he received

4

ineffective assistance of counsel.

**II. Challenge to Sentence**

In ground two, petitioner contends that his ineligibility for "release custody" and "minimum security confinement" as a result of his status as a removable alien constitutes a mitigating factor that the Court should have taken into account at sentencing. (Docket #17, p. 5). In the signed plea agreement, petitioner agreed to waive his right to attack collaterally his sentence. (Docket #13, p. 3).

A knowing and voluntary waiver of the right to collateral review in a negotiated plea agreement is enforceable in federal court. *See United States v. Navarro-Botello*, 912 F.2d 318, 319 (9th Cir. 1990); *see also United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (recognizing that a knowing and voluntary waiver of the right to bring a collateral attack is enforceable). "The sole test of a waiver's validity is whether it was made knowingly and voluntarily." *United States v. Anglin*, 215 F.3d 1064, 1068 (9th Cir. 2000). In determining whether a waiver was knowingly and voluntarily made, courts consider "the express language of the waiver and the facts and circumstances surrounding the signing and entry of the plea agreement, including compliance with [Fed. R. Crim. P. 11]." *United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir. 2000).

The facts and circumstances surrounding the signing and entry of the plea agreement and the express language of the waiver show that the waiver was knowingly and voluntarily made. The signed plea agreement provides that petitioner, "knowingly and voluntarily agrees to waive all Constitutional and statutory rights to . . . attack collaterally his mental competence, and his plea, or his sentence, including but not limited to, filing a motion under 28 U.S.C. § 2255, 28 U.S.C. § 2241." (Docket #13, p. 3). The plea agreement further provides that:

> This plea of guilty is freely and voluntarily made and is not the result of force, threats or promises, except for the promises set forth in this plea agreement. The defendant acknowledges and agrees that there have been no representations or promises from anyone as to what sentence the Court will impose.

(Docket #13, p. 9).

At the plea hearing, petitioner confirmed that he understood that he was waiving his right to appeal and that he did not have any questions about the waiver. (Docket #18, p. 5). Petitioner further acknowledged that his guilty plea was not the result of force or threats nor was he promised anything

other than what was in the plea agreement. (Docket #18, p. 10). Accordingly, the facts and circumstances surrounding the signing and entry of the plea agreement and the express language of the waiver show that petitioner knowingly and voluntarily waived his right to collaterally attack his sentence. Thus, petitioner's contention in ground two, that this Court should have taken various mitigating factors into account at sentencing, is barred by the collateral attack waiver.

**III. Equal Protection Claim**

In grounds three and four, petitioner contends that his inability to take part in various rehabilitative programs due to his status as a removable alien violates his right to Equal Protection under the Fourteenth Amendment.[3] (Docket #17, p. 8-9). This is a challenge to the manner in which petitioner's sentence is being executed. As discussed above, petitioner knowingly and voluntarily waived his right to collaterally attack his sentence. Thus, grounds three and four are barred by the collateral attack waiver. *See Abarca*, 985 F.2d at 1014 (recognizing that a knowing and voluntary waiver of the right to bring a collateral attack is enforceable).

This Court recognizes that an appeal waiver will not apply if the sentence violates the Constitution. *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007). Petitioner contends that the manner in which his sentence is being executed violates the Constitution. He argues that his inability, due to his status as a removable alien, to: (1) take part in a drug rehabilitation program, which allows for up to a one year reduction in sentence; (2) be placed at a halfway house; or (3) obtain a UNICOR job, violates his right to Equal Protection under the Fourteenth Amendment. (Docket #17, p. 9). The fact that petitioner is ineligible for these programs does not render his sentence violative of the Constitution because the denial of such benefits to removable aliens with immigration detainers is "rationally related to the [Bureau of Prison's] legitimate interest in preventing prisoners from fleeing detainers while participating in community treatment programs." *McLean v. Crabtree*, 173 F.3d 1176, 1186 (9th Cir.

---

[3] Although this claim is in petitioner's section 2255 motion, it is better construed as a challenge to the manner in which petitioner's sentence is being executed under 28 U.S.C. § 2241. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam) (instructing that petitions challenging the "manner, location or conditions of a sentence's execution must be brought pursuant to §2241"); *see also Montano-Figuero v. Crabtree*, 162 F.3d 548, 549 (9th Cir. 1998) (illustrating that challenges to Bureau of Prisons' policies are challenges to the execution of an inmate's sentence). Construing this motion liberally, the Court considers petitioner's Equal Protection claim under 28 U.S.C. § 2241. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (noting a court's "duty to construe pro se pleadings liberally").

1999), *cert. denied*, 528 U.S. 1086 (2000) (holding that the Bureau of Prison's exclusion of prisoners with detainers from participating in community-based treatment programs, and consequently from sentence reduction eligibility, did not violate the Equal Protection Clause); *see also Lira v. United States*, 2011 WL 6148666, *1-2 (S. D. Cal. Dec. 9, 2011) (holding that petitioner's ineligibility due to his alien status for a one-year reduction of sentence through a drug program, an early release to a halfway house, and a UNICOR job did not violate the Equal Protection Clause in light of *McLean* and the fact that deportable aliens are not "similarly situated" to United States citizens with respect to the benefits petitioner sought); *United States v. Reyes-Prado*, 2011 WL 2882617, *4 (C.D. Cal. Jul. 18, 2011) (holding that petitioner's ineligibility due to his alien status for a one-year reduction of sentence through a drug program, an early release to a halfway house, and a UNICOR job did not violate the Equal Protection Clause in light of *McLean*). Thus, petitioner's contentions in grounds three and four are barred by the collateral attack waiver. *Cf. Bibler*, 495 F.3d at 624 ("An appeal waiver will not apply if . . . the sentence violates the law.").

**IV. Certificate of Appealability**

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in a section 2255 proceeding unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 484; *see also Miller-El v. Cockrell*, 537 U.S. 322, 341-42 (2003). To meet this standard, the petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; *or* that the questions are adequate to deserve encouragement to proceed further." *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (alteration in original) (internal quotation marks and brackets omitted) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). In the absence of a COA, no appeal in a section 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds that the issues are not debatable among jurists of reason. *See Lambright*, 220 F.3d at 1024-25. Accordingly, a COA is improper.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES petitioner habeas relief and a COA. The clerk is directed to close Case No. 1:11-cv-02023-LJO.

IT IS SO ORDERED.

Dated:   **January 31, 2012**                            **/s/ Lawrence J. O'Neill**
                                                                          UNITED STATES DISTRICT JUDGE